IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISHANT N.,<br><br>                  Petitioner,<br><br>          vs.<br><br>WARDEN GOLDEN STATE ANNEX, *et al.*,<br><br>                  Respondents. | Civil No. 1:26-cv-03796-MWJS<br>ORDER DENYING PETITION FOR WRIT<br>OF HABEAS CORPUS WITHOUT<br>PREJUDICE<br><br>A# 241-074-073 |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Nishant N.[1] is an immigration detainee proceeding with a petition for

writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.  Petitioner challenges the

lawfulness of his detention, and he seeks either his immediate release or a bond

hearing.  Because, as of today, Petitioner remains subject to mandatory detention under

8 U.S.C. § 1231(a)(2)(A), the petition is DENIED without prejudice.

## BACKGROUND

Immigration officers commenced removal proceedings against Petitioner under

8 U.S.C. § 1229a in July 2024, by charging him with removability under 8 U.S.C.

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

§ 1182(a)(7)(A)(i)(I) and 8 U.S.C. § 1182(a)(6)(A)(i).  Dkt. No. 1, at pg. 2; *see also id.* at pgs. 18–20; Dkt. No. 6-1, at pg. 3.  Petitioner filed a Form I-589 (Application for Asylum and for Withholding of Removal), Dkt. No. 1, at pg. 22, that an immigration judge later found Petitioner had abandoned, *id.* at pgs. 24–25.  On February 1, 2026, the immigration judge ordered Petitioner removed.  *Id.*; *see also* Dkt. No. 6-1, at pg. 3. Petitioner did not appeal, so his removal order became final on March 3, 2026.  *See* 8 C.F.R. § 1241.1; 8 C.F.R. § 1003.38(b); *see also* Dkt. No. 6, at pg. 1 (noting that Petitioner did not appeal from the immigration judge's decision).

On April 21, 2026, Petitioner filed a motion to reopen in immigration court, that the immigration judge denied on May 4, 2026.[2]  Dkt. No. 1, at pg. 2; Dkt. No. 6-1, at pg. 3.  Petitioner appealed from the denial of his motion to reopen, and that appeal remains pending before the Board of Immigration Appeals.  Dkt. No. 1, at pg. 2; Dkt. No. 7, at pg. 3.  Immigration officers detained Petitioner when he reported for a check-in on May 11, 2026.  Dkt. No. 1, at pg. 2.  Relying on 8 U.S.C. § 1226(a), Petitioner now argues that his ongoing detention without a bond hearing is unlawful.  *Id.* at pgs. 6–15.

---

[2]     Petitioner cites no authority for the proposition that merely filing a motion to reopen might affect the finality of his removal order.  Dkt. No. 7, at pgs. 2–4.  Nor does it appear he could plausibly do so.  *See* 8 C.F.R. 1003.23(b)(1)(v) ("Except in cases involving in absentia orders, the filing of a motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case."); *cf. Stone v. I.N.S.*, 514 U.S. 386, 405 (1995) ("[A] deportation order is final, and reviewable, when issued.  Its finality is not affected by the subsequent filing of a motion to reconsider.").  Moreover, Petitioner does not allege that a stay has been granted by any agency authority.

## DISCUSSION

While 8 U.S.C. § 1226(a) authorizes detention pending a decision on whether a noncitizen is to be removed from the United States, it is instead 8 U.S.C. § 1231(a) that authorizes detention during a noncitizen's "removal period." *Padilla-Ramirez v. Bible*, 882 F.3d 826, 830 (9th Cir. 2017). The removal period begins on the latest of the following three events: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court stays that order, the date of the court's final order; or (3) if the noncitizen is detained or confined (except under immigration process), the date the alien is released. 8 U.S.C. § 1231(a)(1)(B).

The removal period lasts ninety days, and during this period, detention is mandatory. 8 U.S.C. § 1231(a)(1)(A), (2)(A). Even after the ninety-day removal period ends, the government may continue to detain certain noncitizens under 8 U.S.C. § 1231(a)(6). The Supreme Court has said that a six-month period of detention is presumptively reasonable. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). A noncitizen "is entitled to habeas relief after a presumptively reasonable six-month period of detention under § 1231(a)(6) only upon demonstration that the detention is 'indefinite'—i.e., that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008) (citation modified). The government must then produce sufficient evidence to rebut the noncitizen's showing. *Zadvydas*, 533 U.S. at 701.

3

Here, Petitioner was charged with removability under 8 U.S.C. §§ 1182(a)(6)(A)(i), (7)(A)(i)(I), and an immigration judge ordered him removed on February 1, 2026.  Dkt. No. 1, at pgs. 18, 24–25.  Petitioner had thirty days—that is, until March 3, 2026—to file a notice of appeal.  *See* 8 C.F.R. § 1003.38(b).  When he failed to do so, his removal order became administratively final.  *See* 8 C.F.R. § 1241.1(c); *Pozos Vazquez v. Lyons*, No. 1:26-cv-02430-JLT-FJS, 2026 WL 1396646, at *3 (E.D. Cal. May 19, 2026).  At that point, Petitioner's "removal period" began, and he was subject to mandatory detention for a period of ninety days under 8 U.S.C. § 1231(a)(2)(A). *Zadvydas*, 533 U.S. at 683.  That ninety-day period ends today, June 1, 2026.  Thus, to the extent Petitioner argues that he is detained pursuant to 8 U.S.C. § 1226(a), and that he is therefore entitled to a bond hearing, his argument is incorrect.

The fact that Petitioner might also be detained beyond today does not necessarily mean that he is entitled to any of his requested forms of relief.  Because Petitioner was charged with inadmissibility under 8 U.S.C. § 1182, it is possible that the government could detain him beyond the ninety-day removal period pursuant to 8 U.S.C. § 1231(a)(6).  And, as the Supreme Court has held, a six-month period of detention is presumptively reasonable.  *Zadvydas*, 533 U.S. 700–01.  Someday, Petitioner's continued detention could become unlawful, but it has not yet become unlawful today.

## CONCLUSION

The petition, Dkt. No. 1, is DENIED without prejudice.  The Clerk of Court is

DIRECTED to close this case and enter judgment for Respondents.

IT IS SO ORDERED.

DATED:  June 1, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-03796-MWJS; *Nishant N. v. Warden Golden State Annex*, et al.; ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE